UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW BAUMAN,

       Plaintiff,                                  Case No. 14-12841
                                                      Honorable Thomas L. Ludington

v.

TOWNSHIP OF
TITTABAWASSEE,

       Defendant.
                               /

**OPINION AND ORDER DENYING IN PART EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER, DIRECTING SERVICE,
AND SETTING FILING DEADLINES AND HEARING DATE**

On July 21, 2014, Andrew Bauman filed a complaint against Tittabawassee Township (the Township), alleging that the Township "will be substantially completing the installation of [a] sidewalk within the next few days" on his property, "which currently contains no sidewalk." Pl.'s Compl. ¶¶ 7, 8, ECF No. 1. The Township's code, Bauman suggests, creates "an affirmative duty" on his part "to prevent [the] sidewalk . . . [from] fall[ing] into a state of disrepair," and it allegedly imposes other duties on Bauman as the "adjacent property owner." *Id*. ¶¶ 12, 13. But "Bauman does not desire . . . to hav[e] to automatically assume these responsibilities, duties, liability, and/or public obligations," which he asserts "should remain solely with Defendant Township." *Id*. ¶ 14. So he requests that the Court enter preliminary and permanent injunctive orders prohibiting the Township from building a sidewalk on his property.

The same day Bauman filed his complaint, he filed a motion for an emergency temporary restraining order (TRO) under Federal Rule of Civil Procedure 65, which also requests a hearing

on the issue of injunctive relief. Upon review, that motion will be granted in part and denied in part.

I

Bauman owns the property commonly known as 10285 Scott Road in Freeland, Michigan. Pl.'s Mot. 2, ECF No. 2. The property currently does not have a sidewalk, and Bauman alleges that the Township "has taken very recent and expedited steps to install a sidewalk on the Property." *Id.* After the sidewalk is complete, "a number of ordinances kick in and effectively transfer certain ownership responsibilities and duties to an adjourning property owner" like Bauman. *Id.* at 2–3. Although Bauman's attorney wrote the Township a letter opposing sidewalk construction, he claims the Township "ignored the issue and concluded it was going to move forward anyway." *Id.* at 3.

Bauman's issue with the sidewalk is simple: he does not want to incur affirmative duties or the potential for liability related to its use (such as keeping the sidewalk in repair). The Township maintains an ordinance governing Streets, Sidewalks and Other Public Places (the Ordinance). *See* Township Ord., *attached as* Pl.'s Compl. Ex. A. Under the Ordinance, Scott Road was "designated for sidewalks on both sides of the road." Ordinance § 58-33(a).

Just as Bauman indicates, the Ordinance also places duties upon certain property owners: "No person shall permit any sidewalk which crosses or adjoins property owned by him to fall into a state of disrepair, be unsafe, or impassable." *Id.* § 58-35(a). But Bauman does not address the "Abutting property owner exception" contained in § 58-35(b)(1), which establishes that "sidewalks located along streets set forth in section 58-33"—including Scott Road—"shall be the responsibility of the township." Under this exception, it is possible Bauman would not be responsible for maintaining a sidewalk on his property.

The Ordinance does provide that adjoining land owners "shall not allow any sidewalk . . . to be obstructed" by vehicles or ice and snow, and requires landowners to pay for "damage to a sidewalk caused by construction work" occurring on their property. *Id*. § 58-35(b)(4). There are no exceptions that prevent these subsections from applying to Bauman. The Ordinance does provide, however, for a public hearing "[b]efore the township board may require any owner of any lot or premises to construct, maintain, or pay for the expense of construction maintenance of a sidewalk across or adjoining their lot or premises . . . ." *Id*. § 58-36(a).

## II

Rule 65 provides that a "court may issue a [TRO] without written or oral notice to the adverse party or its attorney" if two requirements are satisfied: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Four factors govern whether the Court will issue a TRO (the same four factors governing whether to issue a preliminary injunction): (1) whether the plaintiff has demonstrated a substantial likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would harm others; and (4) whether the public interest is served by granting injunctive relief. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir. 2007) (citation omitted); *see also Ne. Ohio Coal. for Homeless and Serv. Emps. Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "These factors are not prerequisites, but are factors that are to be balanced against each other."

*Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted).

As to the first factor, Bauman indicates he has demonstrated a substantial likelihood of success on the merits. He advances *Shoemaker v. City of Howell*, 982 F. Supp. 2d 745 (E.D. Mich. 2013), for the proposition that "a homeowner cannot be obligated to mandatorily maintain a municipality's property without offending substantive due process." Pl.'s Mot. 6. And Bauman is correct that the *Shoemaker* court concluded an ordinance which required property owners to maintain city property between the sidewalk and the curb—at their own expense— offended substantive due process because it was not narrowly tailored to serve a compelling state interest. *See Shoemaker*, 982 F. Supp. 2d at 758 ("The Court therefore finds that such an interest—the interest to be free from mandated private maintenance of municipal property—is exactly the sort of right that is 'deeply rooted in this Nation's history and traditions.'"). Based on this authority, Bauman has at least raised the firm possibility that his claim has merit; the Township's ordinance, even if it would not require Bauman to prevent disrepair to a sidewalk on his property (under the *Abutting property owner* exception), would still require him to remove snow and ice at his own expense. This is similar to *Shoemaker* where the property owner was required to mow the area between the sidewalk and street in violation of his substantive due process rights.

But while the first factor weighs in favor of granting a TRO, the other three do not. As to the second factor, Bauman indicates that "[u]pon the complete installation of the sidewalk, total liability and maintenance shifts to Plaintiff, without exception." Pl.'s Mot. 7. But there *is* an exception providing that sidewalks on Scott Road "shall be the responsibility of the township." Ordinance ¶ 58-35(b)(1). If the Township is responsible for maintaining Scott Road sidewalks,

Bauman would not be responsible as an owner who "neglect[s] to keep or maintain these sidewalks . . . in good repair and safe for use of the public[,]" and thus he would not be liable to injury that occurs for unrepaired walkways. And although he may be required to remove ice and snow, even in Michigan that problem is months away; sufficient time to allow for the Township to respond to Bauman's complaint. Further, if there are "changes to [Bauman's] land and the removal of trees, which cannot be replaced" as a result of the sidewalk's installation, it is well-settled that "harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

Bauman claims that the third factor, whether an injunction would harm others, weighs in favor of a TRO because his property "has been without a sidewalk" until this point, and only "a short additional time halting a sidewalk" will occur if the TRO is granted but his claims are later found to be without merit. Pl.'s Mot. 8. He also argues that the potential for harm will be reduced if the Township is stopped now "rather than this Court possibly having to order the removal of the [sidewalk] at a later date." *Id*. For the same reasons, Bauman indicates that the fourth factor—relating to the public interest—weighs in his favor as well.

But as the Township notes in the Ordinance, sidewalks are necessary for "the use, benefit, protection, safety, convenience and general welfare of the citizens of the township." Ordinance § 58-31. Bauman does not take into account the possibility that pedestrians walking along Scott Road currently must do so in the street rather than across his lawn. Bicyclists and roller-bladers likewise must hazard the roadways without a flat, stable walkway for use away from traffic. And if the sidewalk is built on other properties, but not Bauman's, a substantial gap in the sidewalk could create additional problems. For all of these reasons, the Court finds that the third and fourth factors weigh in favor of denying Bauman's motion for a TRO—the public

interests favor a sidewalk and there is the potential for harm if one is begun and not completed. Because the second factor also weighs in favor of denying Bauman's motion, the TRO will not be granted.

But the portion of Bauman's motion requesting a hearing on whether a preliminary injunction should issue, and to set a related briefing schedule, will be granted. Of course, he must first file a motion requesting that relief, and serve the Township with a copy of this Opinion and Order.

Accordingly, it is **ORDERED** that Bauman's motion for a TRO, ECF No. 2, is **GRANTED** in part and **DENIED** in part. A TRO will not be issued.

It is further **ORDERED** that Bauman is **DIRECTED** to serve a copy of this Opinion and Order on the Township, and then file proof of service on the Court's docket.

It is further **ORDERED** that Bauman is **DIRECTED** to file a motion for a preliminary injunction no later than **August 15, 2014**.

It is further **ORDERED** that the Township's response to that motion is due on or before **September 5, 2014**.

It is further **ORDERED** that any reply brief, should Bauman choose to file one, is due no later than **September 12, 2014**.

It is further **ORDERED** that a hearing on Bauman's motion for a preliminary injunction (to be filed by August 15, 2014), is set for **October 8, 2014**, at **2:00 p.m.**

Dated: July 24, 2014　　　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

- 7 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS